**In re Charles C. SHIPLEY, Jr. a/k/a Stumpy Shipley, Debtor.**

**Bankruptcy No. BK 79–01546–L.**

United States Bankruptcy Court, W.D. Kentucky.

March 21, 1983.

B. Hume Morris, II, Louisville, Ky., for General Development Corp.

Harley N. Blankenship, Louisville, Ky., for debtor.

Thomas W. Volk, Louisville, Ky., for trustee.

MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the motion of the trustee to sell certain real property and the objections filed to said motion by the General Development Corporation and the bankrupt, by counsel, respectively.

On July 23, 1979, the bankrupt filed a petition seeking relief under the provisions of Chapter VII of the Bankruptcy Act, 11 U.S.C. On both Schedule A–2, Creditors Holding Security, and Schedule B–1, Real Property, filed pursuant to the bankruptcy petition, was indicated that the bankrupt and General Development Corporation were parties to a contract of purchase dated June, 1971, relative to an undeveloped lot located in Port Charlotte, Florida, more specifically Lot 7, Block 4474.

On May 14, 1982, the trustee filed a motion to sell the real property in question. Pursuant to the motion this Court entered an order on May 22, 1982, allowing the trustee to sell unless an objection was filed on or before June 11, 1982. Thereafter, on June 10, 1982, the General Development Corporation filed an objection and on June 11, 1982, the bankrupt, by counsel, filed his objection. The trustee filed a response to the objections on June 14, 1982, and General Development Corporation filed a reply on June 18, 1982.

On September 13, 1982, this Court's order granted to the parties thirty (30) days from date for necessary discovery and until No-

vember 13, 1982, for the filing of simultaneous briefs. Neither of the parties took discovery or filed briefs thereafter. Essentially the trustee contends that the attempted cancellation of the contract by General Development under the liquidated damages clause is not binding on the trustee and is invalid. General Development maintains that the trustee retains no interest in the contract which was cancelled two years after the filing of the petition.

Initially, it must be recognized that the petition in bankruptcy was filed on July 23, 1979. The Bankruptcy Reform Act was enacted on November 6, 1978, and had an effective date of October 1, 1979. Section 403 of the Act of November 6, 1978, states in pertinent part:

> (a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted. § 403(a), P.L. 95–598.

A comprehensive analysis of the term "executory contract" as used in the bankruptcy context is found in Professor Vern Countryman's two-part article entitled *Executory Contracts in Bankruptcy,* 57 Minn. L.Rev. 439 (1973) and 58 Minn.L.Rev. 479 (1974). This article concerns executory contracts under § 70(b) of the Bankruptcy Act.

Professor Countryman, in analyzing court decisions on the subject of executory contracts in bankruptcy, states that the term does not encompass contracts fully performed by the nonbankrupt party, where the bankrupt party has only partially performed or not performed at all. 57 Minn.L. Rev. 439, 451 (1973). Nor does the term encompass contracts fully performed by the bankrupt party but not fully performed by the nonbankrupt party. 57 Minn.L.Rev. 439, 458 (1973). The term executory contract, however, does cover a contract where the obligations of both parties remain at least partially and materially unperformed at the time of bankruptcy. In other words, an executory contract is one under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. 57 Minn.L.Rev. 439, 460 (1973). See also *In Re Rovine Corp.,* 6 B.R. 661, 3 C.B. C.2d 114 (Bkrtcy.W.D.Tenn.1980).

While the definition of an executory contract is not found in the Bankruptcy Code, the legislative history of section 365 states in part:

> "Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is payment. Performance on one side of the contract would have been completed and the contract is no longer executory." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 347 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6303–04.

Further, the case of *In Re Jolly,* 574 F.2d 349 (6th Cir.1978), after a thorough analysis of the nature of an executory contract, denotes that:

> "... executory contracts involve obligations which continue into the future. S.Rep. No. 94–458, 94th Congress, 1st Sess. (1975). They include leases, employment contracts and agreements to buy or sell in the future. Generally, they are agreements which include an obligation for the debtor to do something in the future." Id. at 351.

Section 70(b), 11 U.S.C. § 110(b), provides in pertinent part:

> b. The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later, but the court may for cause shown extend or reduce the time. Any such contract or lease not

assumed or rejected within that time shall be deemed to be rejected.

Section 70(b) does not state any particular method by which the trustee shall assume an executory contract. That section does, however, provide a conclusive statutory presumption that a failure to assume within sixty (60) days after the adjudication or within thirty (30) days after qualification of the trustee (whichever is later) shall operate as a rejection. Rule 607, Rules of Bankruptcy Procedure, which is based on the language of § 70(b), provides in part as follows:

> Within 30 days after the qualification of the trustee ... the trustee shall file a statement showing any executory contracts of the bankrupt ... which the trustee has assumed ... Any such contract not assumed within 60 days after qualification of the trustee ... shall be deemed to be rejected.

This language modifies the provisions of § 70(b) in two ways. First, by referring exclusively to the date of the trustee's qualification, it eliminates the date of adjudication as a triggering event for applying the presumption of rejection. Secondly, it adds a requirement that the trustee file a statement showing which of the bankrupt's contracts he has assumed.

According to the Bankruptcy Rules Comment to § 70(b): "... Once a contract has been deemed rejected, however, Rule 906(b)(2) does not permit extension of the time to permit assumption."

Rule 906(b)(2) states:

> (b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules ... 607 ... except to the extent and under the conditions stated in them.* (Emphasis added.)

The trustee here neither assumed nor rejected the executory contract within the time allowed by § 70(b) of the Bankruptcy Act and Rule 607, Rules of Bankruptcy Procedure. Pursuant to substantive law, the Bankruptcy Act, the executory contract is deemed rejected, and Rule 906(b)(2), R.B.P., does not permit a time extension in which to allow assumption of the contract thereafter.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the trustee's motion to sell real property in Port Charlotte, Florida, be and the same is hereby denied by virtue of rejection of the executory contract due to lapse of time. This is a final order.